JUDGE HOLWELL

Daniel Ebenstein (DE 2190)
Chester Rothstein (CR 1417)
Holly Pekowsky (HP 5034)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000
Fax: (212) 336-8001

**'07 CIV 7746**



RECEIVED AUG 3 0 2007 U.S.D.C. S.D. N.Y. CASHIERS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - x

MACY'S MERCHANDISING GROUP, INC.,

    Plaintiff,

v.

COLUMBINE CODY CORPORATION,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.

## COMPLAINT

1. Plaintiff Macy's Merchandising Group, Inc. ("Plaintiff"), through its attorneys, for its Complaint against Defendant Columbine Cody ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

2. This is an Action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and state law. Defendant has willfully and unlawfully infringed Plaintiff's trademark rights with the clear and unmistakable intent and effect of causing confusion, mistake and deception among customers and potential customers of bedding and related products.

377931.1

3. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 11 Penn Plaza, New York, NY 10001.

4. On information and belief, Defendant is a corporation organized and existing under the laws of the State of Wyoming, having an office and place of business at 1530 Bluff Road, Burlington, Iowa 52601 and at 295 Fifth Avenue, Suite 1510, New York, New York.

5. Defendant is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. Defendant is subject to the jurisdiction of this court pursuant to laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

**Plaintiff's Well Known Trademark**

6. Plaintiff has adopted, used and continues to use the inherently distinctive trademark HAVEN (the "HAVEN Mark") in connection with various bedding and related products, including, without limitation, sheets, pillows, pillow cases, blankets, mattress pads, shower curtains, bathrobes, bath rugs, pajamas and scented sprays. Products sold under the HAVEN Mark are offered for sale and sold in the famous Macy's department stores, and also through Macy's website, located at www.macys.com. Representative photographs of bedding showing the HAVEN Mark are attached hereto collectively as Exhibit 1.

7. The HAVEN Mark is the subject of a pending federal trademark application designated by the United States Patent and Trademark Office as Serial No. 77/108,755.

8. Products sold under the HAVEN Mark have been widely promoted throughout the United States.

9. The HAVEN Mark has come to be known to the purchasing public throughout the United States as representing products of high quality, emanating from a single source. As a result thereof, the HAVEN Mark and the goodwill associated therewith have become assets of great value to Plaintiff.

10. By virtue of the wide renown acquired by the HAVEN Mark, the HAVEN Mark has developed a secondary meaning and significance in the minds of the purchasing public and products bearing such trademark are identified with a single source.

**Defendant's Infringing Activities**

11. After Plaintiff's creation, adoption, and use of the HAVEN Mark, Defendant began the advertisement and offer for sale of bedding products under the mark HAVEN, which is confusingly similar to Plaintiff's HAVEN Mark (the "Infringing Mark").

12. The likelihood of confusion is exacerbated by the fact that products offered for sale under the Infringing Mark are marketed as "organic," and some of the bedding products sold under Plaintiff's Haven Mark are also organic.

13. Photocopies of advertisements for bedding offered for sale under the Infringing Mark are annexed hereto collectively as Exhibit 2.

14. Bedding products offered for sale under the Infringing Mark have been advertised within this judicial district, including, without limitation, on Defendant's website, located at www.columbinecody.com, in the magazine *Home Furnishing News*, and during Market Week in February, 2007 in New York City.

377931.1

15. Upon information and belief, bedding products under the Infringing Mark have been offered for sale within this judicial district.

16. The advertising and offer for sale by Defendant of bedding products under the Infringing Mark has been in total disregard of Plaintiff's rights and were (i) commenced, and (ii) have continued in spite of Defendant's knowledge that the advertising and offer for sale of bedding products under the Infringing Mark was and is in direct contravention of Plaintiff's rights.

## COUNT I
## (VIOLATION OF 15 U.S.C. § 1125(a))

17. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1125(a) and alleges the use in commerce by Defendant of false designations of origin and false descriptions and representations of fact. This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

18. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-16 as if fully set forth herein.

19. Defendant has affixed, applied, or used in connection with the offer for sale of its goods, false designations of origin which tend falsely to describe or represent that the goods offered by Defendant are sponsored by, authorized by, or connected with Plaintiff, when they are not.

20. Upon information and belief, Defendant has marketed, distributed and offered for sale goods in connection with colorable imitations and simulations of the

HAVEN Mark after receiving notice from Plaintiff with the express intent of causing confusion and mistake, of deceiving, and misleading the purchasing public to buy and otherwise trade in its products in the erroneous belief that they were relying upon the reputation of Plaintiff. Defendant's acts therefore constitute use of false designation of origin and false descriptions of fact in violation of 15 U.S.C. § 1125(a).

21.  Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of Defendant complained of herein in an amount thus far not determined, to be determined at trial.

## COUNT II
## (UNFAIR COMPETITION UNDER NEW YORK LAW)

22.  This claim arises under the common law of the State of New York relating to trademark infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and pursuant to 28 U.S.C. § 1367 under the doctrine of supplemental jurisdiction. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

23.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1-20 as if fully set forth herein.

24.  As more fully set forth above, the HAVEN Mark has come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with Plaintiff. The purchasing public is likely to attribute to Plaintiff use by Defendant of

the Infringing Mark as a source of authorization and/or sponsorship for Defendant's business.

25. On information and belief, Defendant has intentionally appropriated the HAVEN Mark with the intent of causing confusion, mistake, and deception as to its relationship with Plaintiff and with the intent to palm itself off as being authorized by, sponsored by, approved, by or licensed by Plaintiff and, as such Defendant has committed trademark infringement and unfair competition under the common law of this State.

26. Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of Defendant's acts as aforesaid in an amount thus far not determined, to be determined at trial.

WHEREFORE, Plaintiff demands:

I. That an injunction be issued enjoining Defendant and Defendant's officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them:

    A. From using the HAVEN Mark or any trademark confusingly similar thereto including, without limitation, the Infringing Mark;

    B. From using any trademark which may be calculated to falsely represent or which has the effect of falsely representing that the products or services of Defendant or third parties are sponsored by, authorized by, or in any way associated with Plaintiff;

    C. From infringing the HAVEN Mark;

    D. From otherwise unfairly competing with Plaintiff; and

E. From falsely representing itself as being connected with Plaintiff, or sponsored by or approved by or associated with Plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that Defendant is, in any way, associated with Plaintiff.

II. That Defendant be required to pay to such actual damages as Plaintiff has sustained in consequence of the acts of Defendant complained of herein, and that any such monetary award be enhanced up to three times pursuant to the provisions of 15 U.S.C. § 1117.

III. That Defendant be required to account to Plaintiff for all profits resulting from Defendant's infringing activities and that such award of profits to Plaintiff be increased by the Court up to three times such amount as provided for under 15 U.S.C. § 1117.

IV. That Defendant be required to pay to Plaintiff punitive damages in connection with Plaintiff's common law unfair competition claim.

V. That Plaintiff have recovery from Defendant of the costs of this action and Plaintiff's reasonable attorneys fees pursuant to 15 U.S.C. § 1117.

VI.  That Plaintiff have all other further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

Dated: August 30, 2007  
New York, New York

By: _____  
Daniel Ebenstein (DE2190)  
Chester Rothstein (CR 1417)  
Holly Pekowsky (HP 5034)

AMSTER, ROTHSTEIN & EBENSTEIN LLP  
Attorneys for Plaintiff  
90 Park Avenue  
New York, NY 10016  
Tel: (212) 336 8000  
Fax: (212) 336 8001

377931.1

-8-

# Exhibit 1


# Exhibit 2







# COLUMBINE CODY
### Introduces

## HAVEN™
### ORGANIC BEDDING

### 100% ORGANIC COTTON

Aspen

### 100% Organic Cotton Bedding Sheets, Quilted and Matelasse Coverlets & Accessories

This means that all of the natural fibers in our products are organic, the dyes are eco-friendly and certified as sustainable textile product by Skal International/Control Union Certifications (NL)

Starlight

Visit us at our New York Showroom • 295 Fifth Ave. Room 1510 • 212.481.3732
Columbine Cody • Burlington, Iowa 52601 • 800.553.5621 • www.columbinecody.com
A Fausel Company



Home  About Columbine Cody  Products  Linen Q&A  Organic Q&A  Trade

 

Coverlets
 Aspen
 Starlight

Sheets
 Aspen



Organics



Coverlets  Duvet Covers  Bedspreads  Sheets  Bed Skirts & Accessories  Organics





Home   About Columbine Cody   Products   Linen Q&A   Organic Q&A   Trade

## COVERLETS

 

**Starlight Quilted Coverlet Set –**
Introducing our Haven™ 100% Organic bedding collection. Made from 100% organic cotton fabric with 100% organic cotton fill batting. Colors available are; terra reversing to stone with embroidered motif.

All of our organic products are SKAL


STONE

Coverlets   Duvet Covers   Bedspreads   Sheets   Bed Skirts & Accessories   Organics

 COLUMBINE CODY CORP.